# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| WOODSON OLIVIER, | ) | Case No. 19-6542-Valle |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  9/24/19, 10/3/19, and 10/21/19  in the county of  Broward  in the
Southern District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with the Intent to Distribute a Controlled Substance, to wit Fentanyl |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

DEA TFO Kevin Scott
Printed name and title

Sworn to before me and signed in my presence.

Date: 11/15/2019

_____
Judge's signature

City and state:  Fort Lauderdale, Florida          Alicia O. Valle, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Kevin P. Scott, being duly sworn, do hereby depose and state:

1. I am employed by the Coconut Creek Police Department as a sworn Police Officer and have been so employed for the past twenty five years. My current assignment is to the Drug Enforcement Administration ("DEA") as a Deputized Task Force Officer and have been so assigned since 2005. I have received specialized training in the investigation of illegal drug smuggling and distribution; have participated in numerous illegal drug investigations; and have debriefed defendants, informants, and witnesses who had personal knowledge of major drug trafficking organizations. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 18 and 21 of the United States Code. As a DEA Task Force Officer, I have participated in multiple narcotics investigations involving physical and electronic surveillance, execution of search, seizure and arrest warrants, and investigation of international drug importations and domestic drug distribution organizations.

2. This Affidavit is based upon my personal knowledge, as well as on information provided to me by other law enforcement officers and agencies. The information set forth herein is provided solely for the purpose of establishing probable cause in support of a criminal complaint charging WOODSON OLIVIER with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C). Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not include all of the details of the investigation of which I am aware. However, no information known that would tend to negate probable cause has been withheld from this Affidavit.

3. On or about September 17, 2019, a confidential source ("CS") advised law enforcement

Page **1** of **4**

that an individual known to the CS as "Billy the Kid" was selling narcotics in Broward County. The CS provided a contact number of 561-876-7333 for "Billy the Kid." Thereafter, an undercover law enforcement officer ("UC") placed recorded calls to the 7333 phone number and arranged to purchase heroin from "Billy the Kid."

4. On September 24, 2019, the UC arranged to meet "Billy the Kid" at the parking lot of a McDonald's located at 630 West Sample Road. The UC carried recording equipment and the meeting was surveilled by law enforcement. At approximately 5:53 p.m., a black Nissan Altima, driven by OLIVIER, entered the parking lot and parked directly behind the UC's vehicle. OLIVIER told the UC to approach the passenger side front window. The UC gave OLIVIER $200 and OLIVIER handed the UC 12 capsules of a substance that later field tested positive for fentanyl.

5. On October 3, 2019, the UC arranged to meet OLIVIER at the Checkers located at 1799 West Hillsboro Boulevard. The UC carried recording equipment and the meeting was surveilled by law enforcement. At approximately 6:18 p.m., OLIVIER arrived as the passenger in a silver Chevrolet Equinox driven by an unknown male. OLIVIER told the UC to come to the vehicle. The UC gave OLIVIER $500 and OLIVIER gave the UC a clear plastic baggie containing approximately 3.6 grams of powder which later tested positive for fentanyl.

6. On October 21, 2019, the UC arranged to meet OLIVIER at a Taco Bell located at 1717 East Sample Road. The UC carried recording equipment and the meeting was surveilled by law enforcement. At approximately 4:49 p.m., OLIVIER arrived in a black Kia Stinger. OLIVIER told the UC to get into the passenger side of his vehicle. During the meeting, the UC gave OLIVIER $1,000 and OLIVIER gave the UC a clear plastic baggie containing white powder and 22 capsules containing a brown powder. During the meeting, OLIVIER said that the amounts he was selling to the UC were "trafficking" – a reference to state law thresholds for certain drug prosecutions. Subsequent

lab tests revealed that both substances contained fentanyl.

7. On October 22, 2019, law enforcement was conducting surveillance at 4818 Pacific Point Place, in Lauderdale Lakes. During the surveillance, law enforcement observed OLIVIER exit Apartment 102 and enter the same Kia Stinger observed the previous day. Law enforcement approached the vehicle and arrested OLIVIER. During a search of the vehicle, law enforcement found a variety of suspected narcotics, including Oxycodone, Fentanyl, Methamphetamine, Cocaine, MDMA, as well as a package of empty insulin syringes that can be used to inject narcotics.

8. The female occupant of Apartment 102 consented to a search of the apartment. Inside the apartment, law enforcement found a court document naming OLIVIER. During the search, OLIVIER was asked if there were any guns in the apartment. OLIVIER said yes, and led law enforcement to a gun wrapped in a t-shirt on the floor of the master bedroom.

9. During the search, law enforcement found additional suspected narcotics, including 41 grams of crack, 24 grams of heroin, 5 grams of cocaine, as well as drug paraphernalia, such as digital scales and empty pill capsules. In the master bedroom closet, law enforcement found an additional handgun, as well as suspected oxycodone.

10. According to a criminal history check, as of October 22, 2019, OLIVIER had been convicted of several felonies, including a 2015 conviction for robbery with a gun or deadly weapon, for which he was sentenced to 4 years' imprisonment.

11.     Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about September 24, 2019, October 3, 2019, and October 21, 2019, in Broward County, in the Southern District of Florida, WOODSON OLIVIER did knowingly and intentionally possess with the intent to distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

FURTHER AFFIANT SAYETH NAUGHT.

_____
KEVIN P. SCOTT
Task Force Officer
DRUG ENFORCEMENT ADMINISTRATION

Subscribed to and sworn before me
this ____ day of October, 2019.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE